NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY VARGAS VARGAS, | No. 20-72251 |
| Petitioner, | Agency No. A202-176-744 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026**
Pasadena, California

Before: WARDLAW, DE ALBA, and TUNG, Circuit Judges.

Nancy Vargas Vargas, a native and citizen of Colombia, petitions for review

of a Board of Immigration Appeals ("BIA") decision dismissing her appeal from

an Immigration Judge's ("IJ") order denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where[, as here,] the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, we must uphold the BIA's determination unless the evidence compels a contrary conclusion. *Id.*

1. Vargas Vargas failed to challenge the IJ's determination that she could safely relocate within Colombia on appeal to the BIA. While she argues in her petition for review that the IJ's internal relocation finding was erroneous, that argument is unexhausted and we are precluded from reviewing it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged.") (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)).

Since internal relocation is dispositive of asylum and withholding claims, we need not address the remainder of Vargas Vargas' claims. *See Kaiser v. Ashcroft*,

2

390 F.3d 653, 659 (9th Cir. 2004) (noting that if the evidence shows that an applicant can safely and reasonably internally relocate, the applicant is ineligible for asylum); *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (noting that since the asylum standard is more lenient than withholding of removal, "failing to establish eligibility for asylum forecloses eligibility for withholding of removal"); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2.      Vargas Vargas does not challenge the BIA's determination that she failed to establish eligibility for protection under CAT, and thus that claim is waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically and distinctly raised and argued in party's opening brief are waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION DENIED.**[1]

---

[1]      The motion for stay of removal, Dkt. 1, is denied.